Case 4:24-cv-05080   Document 36   Filed on 07/07/25 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
July 07, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHIVAM PATEL, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-24-5080 |
| | § | |
| UNITED AIRLINES, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Shivam Patel sues his former employer, United Airlines, alleging employment discrimination. Patel worked for United for almost 12 years. During that period, he filed approximately 30 internal complaints of discrimination, over a dozen discrimination charges with the EEOC and state counterparts, and two lawsuits alleging discrimination. United fired Patel after the second lawsuit for abusing its complaint process. Patel then filed this third lawsuit alleging that he was fired in retaliation for complaining about discrimination.

United moves to dismiss Patel's claim for breach of the collective bargaining agreement between United and the International Association of Machinists and Aerospace Workers, for lack of subject-matter jurisdiction under Rule 12(b)(1). (Docket Entry No. 26). United also moves to dismiss Patel's claims for race discrimination under Title VII, for retaliation under Title VII, and for negligent retention under Texas law for failure to state a claim under Rule 12(b)(6). (Docket Entry No. 25). Patel has responded to both motions, (Docket Entry Nos. 28, 30), and the court heard argument. (Docket Entry No. 35). Based on the pleadings, the motions and responses, the briefs, the arguments, and the applicable law, this court grants United's motions to dismiss. (Docket Entry Nos. 25, 26). Because amendment would be futile, the court denies leave to amend. The reasons for these rulings are set out below.

I.  **Background**

Patel worked for United Airlines from June 18, 2012, until he was fired on April 26, 2024. (Docket Entry No. 4 at ¶ 4). He worked as a Storekeeper from March 20, 2016, until his termination. (*Id*. at ¶ 5). While he worked as a Storekeeper, he applied for Aircraft Maintenance positions in various locations. (*Id.* at ¶ 7). He was rejected for that position for the third time in November 1, 2022. (*Id*.). In August 2023, after he was transferred back to Houston from Washington, D.C. to work as a Storekeeper, Patel heard from his supervisor, Amjad Hussein, that a manager, Bienvenido Brea, had bragged to Amjad that Brea had ensured that Patel's applications for the Aircraft Maintenance position were rejected. (*Id.* ¶ 14). Patel made an internal complaint about Brea in September 2023. (*Id.* ¶ 15). In November 2023, United conducted an internal investigation into Patel's complaint. The investigation was conducted by Reyna Kohlman, who worked for United, and Amanda Croushore, an outside lawyer retained by United's legal department. (*Id*. ¶ 17).

In January 2024, Patel complained that another supervisor, Ed Spotts, was discriminating against him. (*Id*. ¶ 21). Patel alleged Spotts falsely acccused him of leaving a company van running while he tried to find a parking space. (*Id*.). After Spotts's accusation, Patel received a phone call from the United Stores director, Anthony Franzoni, telling him that he was suspended with pay and needed to meet with Franzoni and Amanda Lye, a human resources representative. (*Id*.).

That meeting occurred later that month. (*Id.* ¶ 26). During the meeting, the union representative told Patel that he had been suspended, with pay, and "there were discussions about labor relations going to be involved." (*Id*.). In March 2024, Patel received proposed termination charges from United listing the following reasons for his termination: (1) Patel had made false

complaints that Brea had discriminated against him; (2) Patel had made a false internal complaint related to his application for a position as an Aircraft Maintenance Technician; (3) Patel had made a false internal complaint about Spotts; and (4) "an overall review of [Patel's] history of complaints." (*Id.* ¶ 27). This review showed that over his eleven-year tenure at United, Patel had submitted thirty internal complaints, filed ten administrative charges with three different governmental authorities, and had brought two lawsuits. (*Id.*). Each of these complaints and lawsuits alleged discrimination and retaliation for having filed previous complaints. (*Id.*).

Patel attended an investigative review meeting on April 12, 2024. (*Id.* ¶ 32). After the meeting, a member of the human resources department, William Gilbert, sent Patel a termination letter on April 26, 2024. (*Id.* ¶ 34). Patel claims that in the letter, Gilbert "ma[de] various retaliatory in discriminatory manner statements." (*Id.*).

Patel alleges discrimination by three management employees: Brea, Gilbert, and Lye. Patel alleges that Brea: (1) bragged to Hussein about dissuading Aircraft Maintenance from offering Patel a position; (2) retaliated against Patel by filing a complaint against him after he filed a complaint against Brea; (3) Brea is a "repeat offender" who has been named in complaints of discrimination and harassment by multiple employees; (4) Brea was not required to prove that Patel lied in order for his complaint against Patel to be substantiated; and (5) Brea intentionally "misperformed" his job to cause Patel to be fired. (*Id.* ¶¶ 14, 18, 19, 29, 36, 39, 42, 50, 51, 53, 54).

Patel alleges that Gilbert: (1) served as the hearing officer for Patel's terminating hearing; (2) authored his retaliatory termination letter; (3) demonstrated retaliatory animus against Patel by citing Patel's 30 unsubstantiated discrimination complaints in the retaliatory discrimination letter; (4) unfairly concluded that Patel was dishonest about his myriad complaints; and (5) "did not get terminated because he is of different race than me." (*Id.* ¶¶ 30, 31, 32, 35, 36). Patel alleges that

3

Lye: (1) refused to properly investigate Patel's allegations; (2) made a racist comment to another coworker in an email; and (3) approved Patel's employment termination.

## II.     The Legal Standard

### A.  The Rule 12(b)(1) Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) calls into question the district court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004) (quoting reference omitted). The party invoking the court's jurisdiction carries the burden of demonstrating that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

### B.  The Rule 12(b)(6) Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard

is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks omitted, alterations adopted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

**III.  Analysis**

    **A.  The Breach of Contract Claim**

Patel appears to allege that United did not offer proof of just cause to terminate Patel and that this proof is required under the collective bargaining agreement between Patel's union, the International Association of Machinists, and United. (Docket Entry No. 4 at ¶ 29). Patel alleges that United failed to prove its stated reason for firing Patel; breached the antidiscrimination clause in the collective bargaining agreement; and violated other parts of the agreement. (*Id.* ¶¶ 29, 30). Patel asks the court to order United to reinstate him and to terminate three employees — his managers and an HR representative — for discriminating against him.

United points out that under the Railway Labor Act, 45 U.S.C. § 184, minor disputes involving the terms of a collective bargaining agreement must be resolved through binding arbitration, not litigation. (Docket Entry No. 26 at 6-7). Patel's claim for breach of the collective bargaining agreement must be resolved through arbitration. This court lacks jurisdiction over Patel's claim for breach of the collective bargaining agreement. *Hill v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO, No. H-18-4669*, 2019 WL 4544129 (S.D. Tex. Sept. 19, 2019), *aff'd*, 828 F. App'x 216 (5th Cir. 2020); *Perla v. United Airlines, Inc.*, No. CV H-18-4626, 2019 WL 2581499, at *3-4 (S.D. Tex. May 31, 2019), *report and recommendation adopted*, No. CV H-18-4626, 2019 WL 2578022 (S.D. Tex. June 24, 2019). Patel's breach of contract claim is dismissed, without prejudice. for lack of subject-matter jurisdiction.

B. The Race Discrimination Claim

Under Title VII, Patel has the initial burden of showing a prima facie case of discrimination. To plead a prima facie case, Patel must sufficiently allege that he: (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by his employer; and (4) was replaced by someone outside his protected group or was treated less favorably than similarly situated employees outside the protected group. *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 339 (5th Cir. 2021).

Patel has alleged no comparator. To show that someone is a comparator, a plaintiff must show that the proffered comparator and the plaintiff: "'(1) held the same job or responsibilities; (2) shared the same supervisor or had their employment status determined by the same person; (3) have essentially comparable violation histories; and (4) have engaged in nearly identical conduct' that resulted in the adverse employment action at issue." *Thornton v. Univ. of Texas Sw. Med. Ctr.*, 2024 WL 2787886 (N.D. Tex. May 29, 2024) (quoting *Ross v. Judson Indep. School Dist*.,

993 F.3d 315, 322 (5th Cir. 2021)). Patel alleges only that other United employees remained employed by United while he, a member of a protected class, was terminated. But he does not allege that these other employees were similarly situated to him. He does not allege that Lye, Brea, or Gilbert reported to the same supervisors, had similar job responsibilities. He does not allege that anyone else at United had a similar history of making repeated internal complaints, administrative charges, and lawsuits, all alleging discrimination and retaliation, none substantiated.

Nor does Patel show that he was was subjected to discriminatory disparate discipline. First, as noted above, he has failed to allege that others engaged in the same kind of conduct he did and received lesser discipline. Second, United has shown that it had a reasonable and good faith belief that Patel had repeatedly abused the United complaint system. The issue is not whether such abuse in fact occurred, but whether United believed so in good faith. The record supports this inference.

Because Patel does not allege a comparator or other facts that would support his claim of discriminatory disparate treatment, his prima facie case for race discrimination fails. The court dismisses the race discrimination claim, with prejudice because amendment would be futile.

### C. The Claim for Retaliation

Title VII makes it an "unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a). When a plaintiff relies on circumstantial evidence to prove retaliation, the *McDonnell Douglas* framework applies. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007), *abrogated on other grounds by*

*Hamilton v. Dallas Cnty*, 79 F.4th 494 (5th Cir. 2023) (en banc).  Under the first step of *McDonnell Douglas*, the plaintiff must establish a *prima facie* case of retaliation: "(1) the employee engaged in activity protected by Title VII; (2) the employer took an adverse employment action against the employee; and (3) a causal connection exists between that protected activity and the adverse employment action.  *Zamora v. City of Houston*, 798 F.3d 326, 331 (5th Cir. 2015) (quoting reference and quotation marks omitted).

To engage in protected activity, Patel need not have opposed a practice that was actually unlawful, but he must allege a reasonable belief that United was engaged in an unlawful employment practice.  *See Everett v. Cent. Miss., Inc. Head Start Program*, 444 Fed. Appx. 38, 46 (5th Cir. Oct. 5, 2021) (for plaintiff's opposition to her employer's actions to constitute protected activity, she must prove that she had "a reasonable belief that the employer was engaged in unlawful employment practices.") (quoting reference omitted) (alterations adopted). Mere speculation and "office gossip" cannot be "the basis upon which a reasonable person…would voice a complaint of unlawful employment practices."  *Harvey v. Chevron U.S.A.*, 961 F. Supp. 1017, 1033 (S.D. Tex. 1997).

First, Patel's belief that he was opposing an unlawful employment practice was not reasonable.  The record shows that his complaints of discrimination were based on seemingly trivial workplace incidents, including how a van was parked on one occasion.  The court finds that Patel's belief that he was opposing unlawful employment practices was not a reasonable belief. Patel's claim for retaliation is dismissed, with prejudice because amendment would be futile.

### D. The Claim for Negligent Retention

Finally, Patel's claim for negligent retention does not state a claim on which relief can be granted. He alleges that United should have terminated certain other employees and that United

would not have terminated him had they done so. Under *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 801-802 (Tex. 2010), an employee's negligent retention claims are preempted by his Title VII claims. See also, *Williams v. Crawford & Co.,* No. 3:20-CV-1553-E-BH, 2021 WL 6065824, at *13 n.10 (N.D. Tex. Nov. 24, 2021), *report and recommendation adopted*, No. 3:20-CV-1553-E-BH, 2021 WL 6063640 (N.D. Tex. Dec. 20, 2021) ("Any claims for negligent hiring, training, and retention fail as a matter of law, as such claims would be preempted by the antidiscrimination statutes that cover such allegations.") (citing reference omitted). The negligent retention claim is dismissed, with prejudice because pleading amendment would be futile.

### IV.   Conclusion

The motions to dismiss, (Docket Entry No. 25, 26), are granted. Patel's claims are dismissed, with prejudice. Final judgment will be separately entered.

Patel has repeatedly filed federal court lawsuits without a meritorious factual or legal basis. Because he is properly treated as a frivolous litigant, he may not file additional cases or claims in the United States District Court for the Southern District of Texas without seeking advance written permission from the chief judge or his designee.

SIGNED on July 7, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge